

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN AUBREY LAYER,

    *Petitioner,*

vs.

JACK PALMER, *et al.*,

    *Respondents.*

3:11-cv-00500-RCJ-WGC

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's second application (#5) to proceed *in forma pauperis* and for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

### *Preliminary Matters*

On the second pauper application, petitioner signed the financial certificate, but he did not sign the application itself with the acknowledgments therein. Petitioner did sign the corresponding page with the acknowledgments on the first pauper application, and the financial materials provided with the second pauper application demonstrate that petitioner is unable to pay the filing fee. In the interests of moving the matter forward, the Court will disregard the technical failure to sign the second application and will grant petitioner pauper status subject to the provisions herein.

The Court accordingly will direct the Clerk of Court to file the petition and accompanying motion for appointment of counsel. The Court will hold the motion for counsel under submission pending consideration of the *sua sponte* inquiry as to the timeliness of the

petition initiated by this order. The Court does not find that the interests of justice require the appointment of counsel prior to petitioner's response to this show cause order. Petitioner therefore will not have appointed counsel to respond to this order.

Following review, as discussed *infra*, it appears that the petition is subject to dismissal with prejudice as time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1). Petitioner therefore will be directed to show cause why the petition should not be dismissed as time-barred.

### Background

The papers presented together with the online docket records of the state district court and state supreme court reflect the following.

Petitioner John Aubrey Layer challenges his Nevada state conviction, pursuant to an *Alford* plea, of two counts of attempted lewdness with a child under the age of fourteen.

The judgment of conviction was filed on April 14, 2009.

Petitioner did not file a direct appeal. The time for doing so expired on May 14, 2009.[1]

More than a year later, on or about July 22, 2010, petitioner filed a state post-conviction petition. The state district court denied the petition as untimely, and the Supreme Court of Nevada affirmed on this same basis. The remittitur issued on March 7, 2011.

On or about July 13, 2011, petitioner mailed the federal petition to the Clerk of this Court for filing.

### Discussion

Pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to file the petition within the one-year limitation period in 28 U.S.C. § 2244(d)(1).

---

[1] Petitioner asserts in response to the inquiries on the first page of the petition form that he appealed the conviction and that the appeal was decided on September 29, 2010. Yet he states in response to the exhaustion inquiries in the form variations of the following: "Direct appeal was not done as attorney Amy Coffee put petitioner into an Alford plea." Review of the online docket records of the state courts confirms that petitioner did not file a direct appeal. The September 29, 2010, date apparently refers to a date on which petitioner's later state post-conviction petition came on for hearing in the state district court. See #4-1, at electronic docketing page 19 of 24.

1    Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise tolled or subject to delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period is statutorily tolled during the pendency of a properly filed application for state post-conviction relief or for other state collateral review. However, an untimely state petition is not "properly filed" and thus does not statutorily toll the federal limitation period. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

In the present case, the time for seeking direct review expired on May 14, 2009. The federal one-year limitation period, absent delayed accrual or tolling, therefore expired one year later on May 14, 2010.

Petitioner's July 22, 2010, state petition was filed after the federal limitation period already had expired. The untimely state petition in any event would not statutorily toll the federal limitation period. *Pace, supra.*

The federal petition was not constructively filed until on or about July 13, 2011, more than a year after the federal limitation period had expired, absent delayed accrual or tolling.

The federal petition thus is untimely on its face.

Petitioner therefore must show cause in writing why the petition should not be dismissed with prejudice as time-barred.

In this regard, petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, ___, 130 S.Ct. 2549, 1085, 177 L.Ed.2d 130 (2009)(quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002)(*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion."

292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner also is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. See 28 U.S.C. § 2244(d)(1)(B), (C) & (D) & (d)(2).

The Court notes that petitioner previously has claimed alleged actual innocence in an effort to avoid the application of time bars to his case.

The Court expresses no opinion – at this preliminary juncture – as to whether the recent majority opinion in *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011)(*en banc*), represents a holding rather than *dicta* with regard to whether a habeas petitioner may overcome the federal time-bar based upon a showing of alleged actual innocence. See 653 F.3d at 945-46 (Kozinski, C.J., concurring in the result)(the facts of the case did not present the question of whether a petitioner may file an untimely writ of habeas corpus by making a showing of actual innocence).

Under established Ninth Circuit precedent, however, the legal question of whether a showing of alleged actual innocence can overcome the federal time bar should not be addressed by the federal courts in a hypothetical context. *Majoy v. Roe*, 296 F.3d 770, 777 (9th Cir. 2002). That is, the federal district court should ensure that an, adequate, record is presented upon which to determine whether the demanding showing otherwise required to establish actual innocence to overcome a procedural bar can be made in the case. *Id*.

Accordingly, the Court will direct that petitioner show cause why the petition should not be dismissed as untimely, including presentation of any and all evidence upon which he bases any claim of alleged actual innocence. Moreover, the Court first will direct respondents to file a limited record response to provide the context in which petitioner's evidence of alleged actual innocence will be considered. No further response, other than the limited record response directed herein, will be required of respondents at this time.

In this regard, if, *arguendo*, alleged actual innocence can overcome the federal time bar, then the petitioner must come forward with new reliable evidence that was not presented previously that, together with the evidence adduced previously, demonstrates that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *See,e.g., Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *see also Griffin v. Johnson*, 350 F.3d 956, 961-63 (9th Cir. 2003), *cert. denied*, 124 S.Ct. 2039 (2004). In this regard, "actual innocence" means actual factual innocence, not mere legal insufficiency. *See,e.g., Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-19, 120 L.Ed.2d 269 (1992). The court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial," and "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup*, 513 U.S. at 332, 115 S.Ct. at 869.

Moreover, in the context of a conviction entered on a plea, the petitioner must come forward with such evidence not only as to the charges as to which he entered a plea, but, in addition, *as to all other charges pending against him in the case prior to the plea, including charges dismissed pursuant to the plea deal See Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

IT THEREFORE IS ORDERED that petitioner's application (#5) to proceed *in forma pauperis* is GRANTED such that petitioner will not be required to pay the $5.00 filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition and accompanying motion for appointment of counsel. The motion will remain under submission while the Court considers the show cause inquiry initiated by this order.

IT FURTHER IS ORDERED that the Clerk shall informally serve a copy of the petition and this order upon respondents by directing a notice or notices of electronic filing to the Nevada Attorney General, as per the Clerk's current practice for such matters.

IT FURTHER IS ORDERED that, within **thirty (30) days** of entry of this order, respondents shall enter a notice of appearance and shall file -- and serve upon petitioner -- an indexed set of exhibits with copies of the following, in chronological order:

(a) the minutes from the justice court and district court;
(b) all charging instruments, including any amendments thereto;
(c) the preliminary hearing transcript, if previously prepared;
(d) any materials reflecting discovery produced to the defense;
(e) the written plea agreement;
(f) the plea colloquy transcript, if previously prepared;
(g) the presentence investigation report, which shall be filed under seal;
(h) the sentencing transcript, if previously prepared;
(i) the judgment of conviction and any amendments thereto;
(j) the state post-conviction petition and any amendments or supplements thereto;
(k) the state district court's written decision;
(l) any documents accepted for filing presenting petitioner's claims on the state post-conviction appeal; and
(m) the state supreme court's written decision and the remittitur.

IT FURTHER IS ORDERED that the exhibits shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed further shall be identified by the number(s) or letter(s) of the exhibits in the attachment. *Cf.* No. 3:06-cv-00129-LRH-VPC, ## 20-27. **Given the anticipated small volume of the exhibits, there is no need to send a hard copy of the exhibits to the Clerk or otherwise to the Court. The Court is unable to view material stored on data storage devices such as DVDs. No further response is required from respondents at this juncture..**

IT FURTHER IS ORDERED that, within **thirty (30) days** of service of the exhibits filed by respondents, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed with prejudice as time-barred.

/ / / /

1   IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response to this show cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner thus must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely that are not already of record in the federal suit record. Unsupported assertions of fact will be disregarded.

IT FURTHER IS ORDERED, pursuant to Special Order No. 108, that both petitioner and respondents: (a) shall file any and all medical records pertaining to the victims that are filed as a consequence of this order, including any S.A.I.N.T reports, **UNDER SEAL**; and (b) shall refer to the victims in any non-exhibit filings only by their initials. Petitioner may submit materials to the Clerk for filing under seal by submitting the specific materials in question under cover of a motion to file under seal.

If petitioner does not timely respond to this order, the petition will be dismissed with prejudice as time-barred without further advance notice. If petitioner responds but fails to show – with specific, detailed and competent evidence – that the petition is timely or that the time-bar otherwise should be avoided, the action will be dismissed with prejudice.[2]

DATED:  May 11, 2012

ROBERT C. JONES
Chief United States District Judge

---

[2] Nothing in this order signifies by omission that either the petition or the claims therein otherwise are free of deficiencies, as the Court defers consideration of any other deficiencies in the papers presented until after assessing the timeliness issue in the first instance.