

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN AUBREY LAYER,

    *Petitioner,*

vs.

JACK PALMER, *et al.*,

    *Respondents.*

3:11-cv-00500-RCJ-WGC

ORDER

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#20) for a stay pending appeal.

    Petitioner has filed a notice of appeal from an interlocutory order denying a motion for appointment of counsel. With deference to the final authority of the Court of Appeals in matters relating to its own jurisdiction, it does not appear that there is jurisdiction over the appeal because there has not been entry of a final judgment or other final order. An order denying appointment of counsel is not an appealable final order. *See, e.g., Kuster v. Block*, 773 F.2d 1048, 1049 (9th Cir.1985). A certificate of appealability (COA) is not required to pursue an interlocutory appeal, otherwise assuming, *arguendo*, the existence of appellate jurisdiction. See *Harbison v. Bell*, 129 U.S. 1481, 1485 (2009)(a COA is required only to appeal a final order in a habeas proceeding, and a COA thus is not required to appeal an appealable interlocutory order).

    The motion for a stay will be denied. Petitioner is pursuing a frivolous invocation of appellate jurisdiction and otherwise has not presented a basis for a discretionary stay.

1    Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies to the Court of Appeals that the appeal is not taken in good faith. The invocation of appellate jurisdiction is frivolous, such that an appeal would be dismissed in the case of a non-indigent litigant.

   IT THEREFORE IS ORDERED that petitioner's motion (#20) for a stay pending appeal is DENIED.

   IT FURTHER IS ORDERED, pursuant to 28 U.S.C. § 1915(a)(3), that the Court certifies to the Court of Appeals that the appeal is not taken in good faith, and the Court further notes that it would deny a certificate of appealability if one were required in this procedural context.

   IT FURTHER IS ORDERED, so that the certification herein shall be clearly marked on the docket for review by the Court of Appeals, that the Clerk of this Court shall docket this order on the docket sheet as – additionally – an order that certifies to the Court of Appeals that the appeal is not taken in good faith and shall forward notice of same to the Ninth Circuit in a manner consistent with the Clerk's current practice.

   The Clerk otherwise can process the appeal in the usual manner, given that a certificate of appealability is not required in this procedural context.

   DATED: May 17, 2013

   ROBERT C. JONES
   Chief United States District Judge